UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JULIUS ELMO MONTGOMERY,

   Plaintiff,

   v.

CAPTAIN WAYNE D. RUMSEY,
CORPORAL JOHN J. MINER, JR. and
CORPORAL KALEB Z. MYERS,

   Defendants.

Civil Action No. TDC-21-3279

## MEMORANDUM ORDER

Plaintiff Julius Elmo Montgomery, an inmate confined at the Jessup Correctional Institution in Jessup, Maryland, has filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging a constitutional violation arising from an alleged denial of access to water in his cell while he was a pretrial detainee at the Harford County Detention Center ("HCDC") in Bel Air, Maryland. Defendants Captain Wayne Rumsey, Corporal John J. Miner, Jr., and Corporal Kaleb Z. Myers have filed a Motion to Dismiss. Although Montgomery was informed by the Court of his right to file a memorandum in opposition to the Motion, he has not done so. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For reasons set forth below, the Motion to Dismiss will be granted.

## BACKGROUND

In the Complaint, Montgomery alleges that on or about December 11, 2021, while he was a pretrial detainee at HCDC, Defendants denied him access to drinking water, bathroom facilities, and medical attention. Specifically, he asserts that he was informed that, at Captain

Rumsey's direction, his water was turned off during the 12:00 midnight to 8:00 a.m. correctional officer shift because he had thrown feces across his cell, and the feces had spilled under the door into another cell area. Indeed, at the beginning of that shift, correctional officers had observed a brown fluid running out from under his cell door and saw Montgomery dumping liquid from a cup out of his cell. According to Montgomery, during that shift he demanded that the water be turned back on by banging on the cell window, signaling to the security cameras, and writing a note requesting drinking water at approximately 6:00 a.m. or 7:00 a.m.

Montgomery alleges that during that shift, he requested medical attention for chest pain from Corporal Miner, but Corporal Miner did not summon medical staff and instead took a digital photograph of him in bed. According to Montgomery, during the night, he experienced an increased heart rate and dehydration symptoms.

In the Complaint, Montgomery alleges that Defendants' actions constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. He seeks monetary damages.

## DISCUSSION

In their Motion, Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state a plausible claim for relief.

### I.    Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual

allegations in the complaint as true, and construe the factual allegations in the light most favorable

to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. Of Comm'rs Of*

*Davidson Cnty., NC*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must

be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction

does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure."

*Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Ordinarily, in ruling on a Rule 12(b)(6) motion, a court may consider only the complaint

and any attachments to it. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700,

705 (4th Cir. 2007). The Court may also consider documents attached to the motion if they are

integral to the complaint and authentic. *Id.* Because the Complaint specifically references the

Incident Report relating to the events of December 11, 2021, the Court finds that it is integral to

the Complaint and will consider it. The Court will not consider the remaining exhibits to the

Motion.

## II.    Constitutional Claim

Although Montgomery argues that the alleged misconduct in this case violated the Eighth

Amendment, the Due Process Clause of the Fourteenth Amendment protects the rights of pretrial

detainees. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). For conditions of confinement

to violate the Fourteenth Amendment, the conditions must amount to punishment of the pretrial

detainee before any adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[N]ot every

inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional

sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). A particular restriction or condition

of confinement amounts to unconstitutional punishment if it was imposed with an express intent

to punish or if it was "not reasonably related to a legitimate nonpunitive governmental objective,

in which case an intent to punish may be inferred." *Williamson v. Stirling*, 912 F.3d 154, 178 (4th Cir. 2018) (quoting *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 251 (4th Cir. 2005)). When the claim involves a failure to protect a pretrial detainee from harm or to address a medical need, the pretrial detainee must plead that there was a condition that posed a substantial risk of serious harm, that the defendant knew or should have known of the condition and that there was an unjustifiably high risk of harm but failed to act, and that as a result, the detainee was harmed. *See Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023). This standard requires "objectively unreasonable" action or inaction that is more than negligence. *Id.* at 611–12 (quoting *Kingsley*, 576 U.S. at 397).

Here, Montgomery has failed to state a viable Fourteenth Amendment claim. Where the Complaint and the Incident Report reflect that Montgomery threw feces and a liquid onto the floor which spilled out of his cell, such that temporarily turning off the water during the immediate aftermath would have been a means to stop additional liquids from being ejected from the cell, Montgomery has failed to assert facts demonstrating that Defendants' actions were "not 'rationally related to a legitimate nonpunitive governmental purpose' or [were] 'excessive in relation to that purpose.'" *Id.* at 611 (quoting *Kingsley*, 576 U.S. at 398). Although Montgomery generally asserts that Defendants' action violated a "procedural policy," he provides no specific facts supporting this conclusory claim. Compl. at 5, ECF No. 1. Even if he had, a violation of prison policy alone does not state a Fourteenth Amendment due process violation. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Kitchen v. Ickes*, 116 F. Supp. 3d 613, 629 & n.6 (D. Md. 2015), *aff'd*, 644 F. App'x 243 (4th Cir. 2016).

As for the claim that Defendants' failure to provide immediate medical attention violated Montgomery's constitutional rights, he has not alleged facts demonstrating that the turning off of

4

water during an overnight period—from 12:00 midnight to 8:00 a.m.—posed "a substantial risk of serious harm." *See Short*, 87 F.4th at 611. Moreover, his references to an elevated heart rate and unspecified dehydration symptoms, without any claim that medical attention actually proved to be necessary, are insufficient to show that Montgomery was actually "harmed." *Id.* Montgomery has therefore failed to state a viable Fourteenth Amendment claim relating to either the alleged failure to provide water or the alleged failure to provide medical care.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1.    Defendants' Motion to Dismiss, ECF No. 20, is GRANTED.

2.    The Complaint is DISMISSED WITHOUT PREJUDICE.

3.    The Clerk shall close this case and send a copy of this Memorandum Order to Montgomery.

Date: November 19, 2024

THEODORE D. CHUANG
United States District Judge